# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| MILDRED DOYLE, Individually ) | |
| and as Next of Kin of Lorenzo Doyle, ) | |
| ) | |
| Plaintiff, *Pro se*, ) | |
| ) | |
| vs. ) | CIVIL NO. 98-124 BB/RLP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** comes before the court on Defendant's Motion to Compel. Having reviewed the submissions of both parties, I recommend that Defendant's Motion to Compel and for the Sanction of Dismissal be granted for the reasons set forth below.

A Plaintiff may have their case dismissed for failure to prosecute their case or to comply with any order of the court.[2] Similarly, "Dismissal under Rule 41(b)...for failure to prosecute is a matter of discretion and policy." Charles Labs, Inc. v. Banner et.al., 79 F.R.D. 55, 57 (S.D.N.Y. 1978). "[A] court is permitted to infer a lack of intent to prosecute a case from a pattern of failure to meet court-imposed deadlines...[and], where the pattern of dilatory conduct is clear, dismissal need not be preceded by the imposition of less severe sanctions." Dickerson v. Board of

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C.§636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed no appellate review will be allowed.

[2] **Fed.R.Civ.P 41(B) Involuntary Dismissal: Effect Thereof**. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.

Education of Ford Heights, Illinois., 32 F.3d 1114, 1117 (7th cir. 1994). The Plaintiffs in this matter have failed to answer Defendant's interrogatories, failed to produce documents, failed to attend a settlement conference scheduled for March 9, 1999, and failed to attend a hearing scheduled March 11, 1999. The Plaintiff's non-action in this matter, clearly demonstrates their lack of interest in the case.

Furthermore, since initiating this medical malpractice action, the Plaintiffs have failed to identify an expert witness regarding the Defendant's alleged negligence. In medical malpractice cases in New Mexico, "expert evidence is essential to support an action for malpractice against a physician or surgeon." Toppino v. Herhahn, 100 N.M. 564, 567, 673 P.2d 1297, 1300 (1980).

Thus, Plaintiff's non-compliance with New Mexico case law, the Federal Rules of Civil Procedure, and their failure to comply with court mandated orders, places the Defendant in an unreasonable position of having to defend a case which may have no merit.

**RECOMMENDED DISPOSITION**

I recommend that the motion be granted and case dismissed with prejudice.

_____
RICHARD L. PUGLISI
United States Magistrate Judge